## Miller v. Goodyear Tire and Rubber Company

*Henry H. Wallace and Alexander J. Jamiolkowski,* for plaintiffs.

*Timothy Holland and Carl E. Harrison,* for defendant Goodyear Tire & Rubber Co.

BROMINSKI, *J.,* February 13, 1985—This matter comes before the court upon a motion to compel discovery by defendant Goodyear Tire and Rubber Company (Goodyear).

The above suit is a products-liability action in which plaintiff claims to have been injured when a multi-piece truck tire rim assembly on which he was working forcefully separated, causing a portion of the assembly to strike him on his head. Plaintiffs' claims are based upon the theories of negligence, breach of warranty and strict liability.

Goodyear now seeks to compel the production of the rim assembly which is still in plaintiffs' possession, so that the same can be inspected and tested by Goodyear's experts, and has indicated that only "non-destructive" testing will be made, that it will be responsible for picking up the parts, transporting them to the various testing sites, and ultimately will

return them to any location plaintiffs' counsel designates. Plaintiffs' counsel has agreed to allow inspection and testing but only upon the condition that plaintiffs' counsel and/or his representative be present at all times during the inspection and testing.

At issue is whether plaintiffs are compelled, under the Rules of Civil Procedure, to allow items of physical evidence to be surrendered to defendant herein for purposes of allowing the latter to inspect and test the same, and to what extent may certain conditions or limitations be imposed upon defendant as a prerequisite to the production and inspection of those items.

We believe that although defendant has a right to inspect and test such items of physical evidence, this does not compel plaintiffs to surrender custody or control of the items and reasonable restrictions or conditions may be imposed upon defendant to allow plaintiffs to monitor their whereabouts during the inspection and testing.

The present motion to compel discovery is the result of Goodyear's request for production pursuant to Pa.R.C.P. 4009, of an allegedly defective wheel rim assembly, manufactured by Goodyear. Rule 4009 states in part: "(a) Any party may serve on any other party a request (1) . . . to inspect and copy, test or sample any tangible things which constitute or contain matters within the scope of Rules 4003.1 through 4003.5 inclusive and which are in the possession, custody, or control of the party upon whom the request is served; . . ." Goodyear argues that it should be allowed to inspect and test the subject rim assembly in an unrestricted manner and without the condition that plaintiffs' counsel and/or his representative be in attendance during the inspection and testing and that such a condition would be

unnecessary, contrary to the Rules of Civil Procedure, would result in plaintiffs obtaining unfair discovery, as well as imposing practical burdens on its discovery process. Conversely, plaintiffs have argued the necessity of monitoring the whereabouts of the rim assembly, citing its uniqueness, irreplaceability, and status as plaintiffs' key exhibit, and have therefore requested to allow inspection and testing only in their presence to insure that the item will not be subject to destructive testing, be lost or altered in any way.

In permitting Goodyear to inspect and test the rim assembly subject to the condition that plaintiffs' counsel and/or his representative be allowed to monitor its whereabouts during the inspection and testing procedures, we have considered the scope of permissible limitations imposed upon Goodyear's discovery in order to determine its rights under the discovery rules.

While Goodyear has the right to inspect and test the subject rim assembly, nothing in the language of Rule 4009(a)(1) provides that a party who has custody of a requested item be compelled to relinquish control of that item. Rather, we concur with the court in Rea v. Schmocker, 5 D.&C.3d at 436, citing Davis v. Firestone Tire and Rubber Co., 72 D.&C.2d 242, both cited in plaintiffs' brief herein, that a court did not have the power to compel the *surrender* of physical evidence in a party's possession for the purpose of allowing the opposing party to inspect and test it. The court in Rea continued to state that "Rule 4009 is discretionary and that the court may attach reasonable conditions and limitations to an order permitting inspection." 5 D.&C.3d at 437. In requiring Goodyear to allow plaintiffs' counsel and/or his representative to be in attendance during the inspection and testing of the rim as-

sembly, we are recognizing plaintiffs' need to constantly monitor the whereabouts of the assembly so as to insure that it remains in its present condition. Conversely, we recognize and appreciate Goodyear's concern that in allowing plaintiffs' counsel and/or his representative to be present during the testing, an opportunity may be created for plaintiffs to obtain unfair discovery beyond the scope of the applicable rules. Specifically, Goodyear claims that to allow plaintiffs' counsel and/or his representative to be present during the testing and inspection of the rim assembly would necessarily result in plaintiffs obtaining nondiscoverable information, primarily in the form of opinions, conclusions, and/or mental impressions of Goodyear's experts who, at this time, have apparently not been selected by Goodyear, and who may not be the experts who are ultimately used at trial. Goodyear correctly states that, under Pa.R.C.P. 4003.3, permissible discovery of a representative of a party, "does not include that individual's mental impressions, conclusions or opinions respecting the value or merit on a claim or defense respecting strategy or tactics." Defendant continues by stating that case law interpreting Pa.R.C.P. 4003.5 has held protected from discovery the identity of any expert specially employed to aid in trial preparation but who will not testify at trial (citing Philadelphia Electric Company v. Nuclear Energy Assn., 10 D.&C.3d 340 (1979)).

We are satisfied that the danger of obtaining nondiscoverable information will be prevented by simply requiring plaintiffs' counsel or representative to monitor the inspection and testing from a sufficient distance so as not to overhear any conversations by Goodyear's experts, and it would be acceptable for Goodyear's experts to conduct their actual discussions in private while plaintiffs' counsel retains cus-

tody of the rim assembly. In addition, the names of Goodyear's experts will not be divulged by plaintiffs' mere presence unless Goodyear itself volunteers this information.

Finally, Goodyear contends that to allow plaintiffs' counsel or representative to be present at the various testing sites, and during actual testing, imposes unfair practical burdens upon Goodyear's discovery process. Although there indeed may be inconvenience regarding scheduling of experts and testing sites, we feel that this inconvenience is outweighed by plaintiffs' strong interest in insuring that during the course of Goodyear's inspection and testing, the whereabouts of plaintiffs' rim assembly is always known to them.

Accordingly, we enter the following

## ORDER

Now, this February 13, 1985, it is hereby ordered, adjudged and decreed that:

(a) Defendant is permitted to inspect, photograph and test the subject rim assembly and tools in a non-destructive manner;

(b) Defendant is to provide plaintiffs with adequate notice of date(s), time(s) and place(s) of the inspection;

(c) Plaintiffs' counsel and/or his representative will be allowed to observe the inspection at all times, but only in a manner sufficient to allow plaintiffs' counsel to visually monitor the whereabouts of the assembly;

(d) Plaintiffs will be entitled to reasonable expenses incurred in making the assembly available for inspection and testing, excepting attorney's fees, which will remain the responsibility of plaintiffs.